Fleurot v. Fletcher.

## APPEAL—MORTGAGES.

[Hamilton (1st) Circuit Court, March 2, 1903.]

Jelke, Swing and Giffen, JJ.

*GEORGE C. FLEUROT v. CLARA B. FLETCHER ET AL.

RIGHT TO APPEAL FORECLOSURE OF DEED GIVEN AS SECURITY FOR LOAN.

An action to have a deed, given to secure a loan, declared a mortgage and the mortgage foreclosed, is purely equitable, there being no right to a jury, and a motion to dismiss an· appeal should be overruled.

[For other cases in point, see 6 Cyc. Dig., "Appeal," §§ 222-229.—Ed.]

**Drausin Wulsin** and **B. B. Dale,** for plaintiff.

**Maxwell & Ramsey,** for defendants:

Acts of performance of part promise. *Schneider* v. *Curran,* 10 Circ. Dec. 239 (19 R. 224); *Armstrong* v. *Kattenhorn,* 11 Ohio 265; *Shahan* v. *Swan,* 48 Ohio St. 25 [26 N. E. Rep. 222; 29 Am. St. Rep. 517]; *Stoddert* v. *Tuck,* 4 Md. Ch. 475; *Rathbun* v. *Rathbun,* 6 Barb. 98; *Bowen* v. *Warner,* 1 Pinn. (Wis.) 600; 1 Jones, Mortgages Sec. 328.

Conditional sale or mortgage. *Conway* v. *Alexander,* 11 U. S. (7 Cranch.) 218, 237 [3 L. Ed. 321]; *Slutz* v. *Desenberg,* 28 Ohio St. 371; 1 Jones, Mortgages Sec. 677; 1 Pingrey, Mortgages Sec. 205; 4 Kent's Commentaries 145; 3 Kerr, Real Prop. 282; 2 Washburn, Real Prop. *482; *Howel* v. *Price,* 1 P. Wms. 291; *Henry* v. *Bell,* 5 Vt. 393; *Scott* v. *Fields,* 7 Watts 360; *Baum* v. *Tonkin,* 110 Pa. St. 569 [1 Atl. Rep. 535]; *Schweyer* v. *Walbert,* 190 Pa. St. 334 [42 Atl. Rep. 694]; *Coleman* v. *Van Rensselaer,* 44 How. Pr. 369; *Salisbury* v. *Philips,* 10 Johns. 57; *Coleman* v. *Miller,* 8 Dec. Re. 179 (6 Bull. 200); *Hardinger* v. *Ziegler,* 8 Dec. Re. 214 (6 Bull. 326); *Robinson* v. *Cropsey,* 2 Edw. Ch. 137; *Goodman* v. *Grierson,* 2 B. & B. 274.

Right of appeal. *Baird* v. *Kirtland,* 8 Ohio 21; *Marshall* v. *Stewart,* 17 Ohio 356; *Miller* v. *Stokely,* 5 Ohio St. 194; *Slutz* v. *Desenberg,* 28 Ohio St. 371; *Wilson* v. *Giddings,* 28 Ohio St. 554; *Wright* v. *Bates,* 13 Vt. 341; *Shaw* v. *Walbridge,* 33 Ohio St. 1; *Kemper* v. *Campbell,* 44 Ohio St. 210; *Hughes* v. *Davis,* 40 Cal. 117; 1 Jones, Mortgages 214, Sec. 339; *First Nat. Bank* v. *Chandelier Co.* 9 Circ. Dec. 807 (17 R. 443); *Foley* v. *Kirk,* 33 N. J. Eq. 170; *Stinchfield* v. *Milliken,* 71 Me. 567; *Hogel* v. *Lindall,* 10 Mo. 483; *Ketchum, A. & P. Ry.* v. *St. Louis,* 101 U. S. 306 [25 L. Ed. 999]; *Rowland* v. *Entrekin,* 27 Ohio St. 47; *Ellsworth* v. *Holcomb,* 28 Ohio St. 66; *Fleming* v. *Kerkendall,* 31 Ohio St. 568; *Emerick* v. *Armstrong,* 1 Ohio 513; *Teaff* v. *Hewitt,* 1 Ohio St. 511; *Bassett* v. *Daniels,* 10 Ohio St. 617.

*Affirmed, without report, *Fleurot* v. *Fletcher,* 73 Ohio St. 381. -

Hamilton County.

**SWING, J.**

The petition in this case alleged that plaintiff loaned defendants $15,000 for a term of three years, receiving as security a deed in fee simple to certain real estate, and giving a lease back to the defendants; that the said loan had not been repaid, and that the deed was in fact a mortgage; and praying for a foreclosure and sale of the said property.

The motion to dismiss the appeal in this case should be overruled. Plaintiff's cause of action is purely equitable. No right to a jury existed. The right to have the deed declared a mortgage and the right to have the transaction declared a loan for $15,000 was wholly within the jurisdiction of a court of equity, and could not be tried to a jury. Whether or not a case is appealable depends upon the relief sought, and here it is equitable.

**Jelke** and **Giffen, JJ.,** concur.